**SO ORDERED.**

**SIGNED this 30 day of October, 2007.**

_____
**JAMES D. WALKER, JR.**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 07-50410-JDW |
| MICHAEL BARRY SMITH, | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| WILLIAM M. FLATAU, TRUSTEE, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 07-5062 |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| REBECCA B. SMITH, | ) | |
| | ) | |
| DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Plaintiff:       William M. Flatau
　　　　　　　　355 Cotton Avenue
　　　　　　　　Macon, Georgia 31201

For Defendant:　　Ward Stone, Jr.
　　　　　　　　577 Mulberry Street, Suite 800
　　　　　　　　Macon, Georgia 31201

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's motion to dismiss. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(H). After considering the pleadings and the applicable authorities, the Court enters this opinion.

**Background**

After Debtor Michael Smith filed his bankruptcy petition, the Chapter 7 Trustee filed a complaint seeking to avoid a transfer of real property under state fraudulent conveyance law. Defendant, Rebecca Smith, filed a motion to dismiss the complaint for failure to state a claim and lack of standing.

In his complaint, Trustee alleges the following facts: Debtor filed a Chapter 7 case on February 22, 2007. Defendant is the wife of Debtor. On September 20, 2001, Debtor conveyed his interest in certain real property to Defendant. The conveyance was not made for a valuable consideration. The conveyance was voluntary. Debtor was insolvent at the time of the conveyance. Debtor made the conveyance with the intent to delay or defraud creditors. Defendant was aware of Debtor's intent. Debtor made the conveyance at a time when he had creditors, including George D. Warthen Bank, a creditor in his bankruptcy case.

Trustee attached to his complaint a copy of the quitclaim deed that documented the conveyance. The deed is signed by Debtor and shows no indication real estate transfer tax was paid.

The Court held a hearing on Defendant's motion to dismiss on September 24, 2007, and for the following reasons will deny the motion.

**Conclusions of Law**

Defendant seeks to dismiss Plaintiff's complaint for lack of standing and for failure to state a claim upon which relief can be granted. With respect to the standing issue, during the September 24, 2007, hearing, Defendant acknowledged its contention requires an evidentiary presentation and cannot be decided on the pleadings. Therefore, the Court will deny that portion of Defendant's motion.

Defendant's motion for failure to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6) and made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b). According to the Eleventh Circuit Court of Appeals, "'It has long been the rule ... that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996) (quoting Mann v. Adams Realty Co., Inc., 556 F.2d 288, 293 (5th Cir. 1977)). The Court is "'required to construe the complaint in the light most favorable to the plaintiff and to take the allegations contained therein as true.'" Id. A complaint need only provide "a short and plain statement of the claim showing the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions .... Factual allegations must be enough to raise a right of relief above the speculative level ...." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

Trustee's complaint in this case arises under Section 544(b) of the Bankruptcy Code,

which permits a trustee to avoid a transfer that could be avoided by an unsecured creditor under state law. 11 U.S.C. § 544(b)(1). On the date of the transfer at issue, Georgia law provided in relevant part as follows:

> The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void:
> ...
> (2) Every conveyance of real or personal estate, by writing or otherwise, ... made with intention to delay or defraud creditors, where such intention is known to the taking party; ... and
> (3) Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor who is insolvent at the time of the conveyance.

O.C.G.A. § 18-2-22 (2001) (repealed).[1]

Thus, to state a claim, Trustee's complaint must allege facts consistent with one or both of the types of conveyances listed. For the first type of conveyance, Trustee must allege facts showing: (1) Debtor conveyed real or personal property; (2) Debtor made the conveyance with the intent to delay or defraud creditors; and (3) Defendant was aware of Debtor's intent. For the second type of conveyance, the trustee must allege facts showing (1) Debtor made a voluntary deed or conveyance; (2) Debtor did not receive valuable consideration; and (3) Debtor was insolvent at the time of the transfer.

Defendant has argued the trustee's allegations are merely conclusory statements with no factual basis. The Court disagrees. As to a conveyance, Trustee has alleged Debtor voluntarily

---

[1] In 2002, Georgia's version of the Uniform Fraudulent Transfers Act (O.C.G.A. § 18-2-70 et seq.) repealed and replaced some of the existing fraudulent conveyance law, including O.C.G.A. § 18-2-22. However, the Eleventh Circuit Court of Appeals has held O.C.G.A. § 18-2-22 continues to remain applicable to transactions that occurred before the July 1, 2002 effective date of the UFTA. Chepstow Ltd. v. Hunt, 381 F.3d 1077, 1087 (11th Cir. 2004); see also Gerschick v. Pounds, 636 S.E.2d 663, 665 n.8 (Ga. App. 2006). Consequently, § 18-2-22 applies in this case.

conveyed real property to Defendant. The quitclaim deed attached to the complaint provides a factual basis for the occurrence of the transfer and the subject matter of the transfer. Debtor's signature on the deed provides a factual basis that the transfer was voluntary. Furthermore, the deed provides a factual basis for lack of consideration because it gives no indication transfer tax was paid, suggesting the transfer was a gift.

Fraudulent intent and insolvency are harder to plead, especially as to a transaction that took place more than five years before Trustee entered the picture. However, the type of financial troubles that lead an individual to file a bankruptcy petition generally do not happen overnight. While the filing of a petition does not prove a debtor made an earlier transfer with fraudulent intent, it does provide a factual basis for such an allegation. The more difficult question is whether a bankruptcy filing today provides a factual basis to allege fraudulent intent as to a transaction that occurred five years earlier. The statute of limitations for actions arising under § 18-2-22 for transfers of real property is seven years. Broadfoot v. Hunerwadel (In re Dulock), 282 B.R. 54, 59 (Bankr. N.D. Ga. 2002).[2] The limitations period suggests as a policy matter that transfers occurring during the period have sufficient relevance to present circumstances to provide the necessary link between the bankruptcy filing and the alleged fraudulent intent for purposes of notice pleading. The same rationale allows the bankruptcy filing to serve as a factual basis for an allegation of insolvency. In addition, Trustee's allegation that Defendant is Debtor's wife provides a factual basis for contending she had knowledge of his fraudulent intent at the time of the conveyance.

---

[2] The statute of limitations for § 18-2-22 suits was developed by the courts, rather than the legislature. Dulock, 282 B.R. at 58-9. Had this case arisen under the UFTA, the legislatively imposed limitation period of four years would apply. O.C.G.A. § 18-2-79.

For the foregoing reasons, the Court finds Trustee has provided a factual basis sufficient to state a claim for avoidance of a fraudulent conveyance pursuant to 11 U.S.C. § 544(b) and O.C.G.A. § 18-2-22(2) and (3). Therefore, Defendant's motion to dismiss will be denied. Pursuant to 7012(a), Defendant will have 10 days from notice of the order denying her motion to serve an answer.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT