**SO ORDERED.**

**SIGNED this 29 day of September, 2008.**

                                          **JAMES D. WALKER, JR.**
                                **UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 07-50410-JDW |
| MICHAEL BARRY SMITH, | ) | |
| | ) | |
|     DEBTOR. | ) | |
| | ) | |
| WILLIAM M. FLATAU, TRUSTEE, | ) | ADVERSARY PROCEEDING |
| | ) | NO. 07-5062-JDW |
|     PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| REBECCA B. SMITH, | ) | |
| | ) | |
|     DEFENDANT. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

| | |
|---|---|
| For Plaintiff: | Wesley J. Boyer |
| | 355 Cotton Avenue |
| | Macon, Georgia 31201 |
| For Defendant: | Christopher W. Terry |
| | Ward Stone, Jr. |
| | 577 Mulberry Street, Suite 800 |
| | Macon, Georgia 31201 |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's motion to strike Defendant's demand for a jury trial. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(E). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Plaintiff William Flatau, the Chapter 7 Trustee, initiated this adversary proceeding to avoid an allegedly fraudulent conveyance pursuant to 11 U.S.C. § 544(b), § 550, and O.C.G.A. § 18-2-22.[1] At issue is the transfer of a half interest in real property made by Debtor Michael Smith to his wife, Defendant Rebecca Smith, on September 20, 2001.

In his original complaint, Plaintiff requested "the Conveyance be declared null and void and be set aside" and that "he recover the property transferred or its value." (Complaint, p.2.) Defendant answered with a demand for a jury trial. Thereafter, Plaintiff filed an amended complaint, which modified his prayer for relief to remove the request for the value of the property; his request to void the transaction and recover the property remained. Plaintiff also filed a motion to strike the jury demand. For the following reasons, the Court will deny Plaintiff's motion and will refer the adversary proceeding to the district court for jury trial at the conclusion of pretrial proceedings.

---

[1] O.C.G.A. § 18-2-22, which was in effect at the time of the transfer at issue, has since been repealed and replaced by the Uniform Fraudulent Transfers Act, O.C.G.A. § 18-2-70 et seq.

**Conclusions of Law**

The question before the Court is whether Defendant is entitled to a jury trial under the Seventh Amendment to the United States Constitution,[2] which provides: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]"  A "suit at common law" is one that adjudicates legal rather than equitable rights. Granfinanciera v. Nordberg, 492 U.S. 33, 41, 109 S. Ct. 2782, 2790 (1989).  The Seventh Amendment right to a jury trial attaches to all actions except "'those where equitable rights alone were recognized[.]'"  Id. at 43-44, 107 S. Ct. at 2791 (emphasis in original) (quoting Parsons v. Bedford, 28 U.S. 433, 434, 3 Pet. 433, 447 (1830)).  To determine whether a case falls within the scope of the Seventh Amendment, courts must apply a two-part analysis: (1) consider whether the cause of action is of the type brought in 18th-century English courts of equity or courts of law; and (2) decide whether the remedy requested is legal or equitable in nature.  Id. at 42, 109 S. Ct. at 2790 (quoting Tull v. U.S., 481 U.S. 412, 417-18, 107 S. Ct. 1831, 1835 (1987)).  The Court places greater importance on part two of the analysis.  Id.

With respect to the first prong of the analysis, the Supreme Court has found English courts of law and courts of equity had concurrent jurisdiction over fraudulent conveyance cases. Granfinanciera, 492 U.S. at 43, 109 S. Ct. at 2791.  As to the second prong, the Supreme Court has held the recovery of real property is a legal remedy.  Whitehead v. Shattuck, 138 U.S. 146, 151, 11 S. Ct. 276, 277 (1891).  Based on these cases, Defendant appears to be entitled to a jury trial.  See Roth v. Iacovelli (In re Southeast Connectors, Inc.), 113 B.R. 85, 86-87 (S.D. Fla.

---

[2] A right to jury trial may also be conferred by statute.  Granfinanciera v. Nordberg, 492 U.S. 33, 42 n.3, 109 S. Ct. 2782, 2790 n.3 (1989).  Because Defendant does not claim a statutory right in this case, the Court will limit its consideration to the Constitutional question.

1990). However, some courts have reached a different conclusion when a bankruptcy trustee seeks to avoid as fraudulent a conveyance of real property. Pettigrew v. Graham (In re Graham), 747 F.2d 1383, 1388 (11th Cir. 1984) (decided prior to Granfinanciera); see also Resolution Trust Corporation v. Pasquariello (In re Pasquariello), 16 F.3d 525, 530-31 (3d Cir. 1994); Spivey v. Wessinger, No. CV402-132, pp. 7-12 (S.D. Ga. February 28, 2003) (unpublished) (both distinguishing Granfinanciera and Whitehead on their facts).

In Graham, which preceded Granfinanciera, the debtor transferred real property to his wife for $10 at a time when creditors were attempting to repossess certain business assets. Thereafter, the debtor filed a Chapter 7 petition, and the trustee filed a fraudulent conveyance action to recover the real property. 747 F.2d at 1384-85. The trustee requested that the court declare the transfer void and grant "such other relief as is just and proper"; he did not seek damages. Id. at 1385, 1388. The Eleventh Circuit Court of Appeals found no right to a jury trial. Id. at 1388. In reaching its decision, the court determined a fraudulent conveyance action could have been brought either at law or at equity in 18th-century English courts, which is consistent with Granfinanciera. Id. at 1387 (citing Hobbs v. Hull, 1 Cox Ch. 445, 29 E.R. 1242 (1788); Glenn, The Law of Fraudulent Conveyances, §§ 96, 98 (1931); 2 Pomeroy's Equity Jurisprudence, § 968 (4th ed. 1918)). On the question of remedy, however, the court reviewed the case law and found "the courts of this country have long held that an action by a creditor or trustee-in-bankruptcy to set aside a fraudulent conveyance is an equitable action." Id. (citations omitted). For those reasons, and without any mention of the Supreme Court's holding in Whitehead, the court concluded that in a fraudulent conveyance action in which the bankruptcy trustee "clearly anticipate[s] ... equitable relief" and makes no request for damages, the defendant

5

is not entitled to a jury trial.  Id. at 1388.

In the subsequent Supreme Court case of Granfinanciera, the trustee also filed suit to recover fraudulent conveyances.  492 U.S. at 36, 109 S. Ct. at 2787.  However, the conveyances at issue were cash.  Id.  The Court first noted that causes of action for the recovery of fraudulent conveyances and preferences were often brought at law in 18th-century England and were never heard at equity when a money transaction was at stake.  Id. at 43, 46-47, 109 S. Ct. at 2791, 2793 (citing Ex parte Scudamore, 3 Ves. Jun. 85, 30 Eng. Rep. 907 (Ch. 1796); Hobbs v. Hull, 1 Cox 445, 29 Eng. Rep. 1242 (Ch. 1788)).  Thus, the cause of action is one heard at common law.

In addition, the remedy for the fraudulent cash conveyances–payment of damages–indicated legal rather than equitable rights were at issue.  Id. at 47-48, 109 S. Ct. at 2793.  A suit in equity will not lie when the only relief sought is the payment of damages.  Id. at 48, 109 S. Ct. at 2793 (citations omitted).  The Court analogized the case to Schoenthal v. Irving Trust Co., 287 U.S. 92, 53 S. Ct. 50 (1932), in which the trustee sued to recover preferences. The suit in Schoenthal, which was "indistinguishable from respondent's suit [in Granfinanciara] in all relevant respects–could not go forward in equity because an adequate remedy was available at law."  492 U.S. at 48-49, 109 S. Ct. at 2794.  In both cases, the trustee sued for "'money payment of ascertained and definite amounts,' and '[t]he bill discloses no facts that call for an accounting or other equitable relief.'"  Id. (quoting Schoenthal, 287 U.S. at 95, 53 S. Ct. at 51). Thus, because the defendant in Granfinanciera faced both a legal cause of action and a request for a legal remedy, the Court held it was entitled to a jury trial.  Id. at 49, 109 S. Ct. at 2794.

Despite the holding in Granfinaciera, the Third Circuit Court of Appeals in Pasquariello concluded a defendant in a fraudulent conveyance case had no right to a jury trial.  16 F.3d at

6

531. The court distinguished Granfinanciera based on the subject matter of the conveyances. Id. at 530-31. In Pasquariello, the debtor transferred several pieces of real estate, rather than cash, to the defendant. Id. at 527. The trustee sought to avoid the transfers and recover the property or its value and asked for an accounting, a constructive trust, and an equitable lien, if appropriate. Id. at 528.

The court concluded no right to jury trial existed in part by relying on pre-Granfinanciara cases, including Graham, that "held that any attempt to remedy a fraudulent conveyance of real property through a set aside or avoidance was a matter for the equity courts and that no right to a jury trial attached." Id. at 530 (citations omitted). According to the court, the Granfinanciera opinion itself distinguished real property cases in a footnote "because they involved 'the equitable remedy of setting aside an alleged fraudulent conveyance of real estate by a bankrupt.'" 16 F.3d at 530 (quoting Granfinanciara, 492 U.S. at 46 n.5, 109 S. Ct. at 2792 n.5 (emphasis in original)).

However, in the same footnote, Granfinanciera actually questioned the holdings in Graham and other fraudulent transfer cases involving real property "to the extent they are in tension with our decision in Whitehead ...." 492 U.S. at 46 n.5, 109 S. Ct. at 2792 n.5. The plaintiff in Whitehead filed an equitable suit to quiet title to property in the possession of the defendants. The lower court dismissed the case, and the Supreme Court affirmed because the plaintiff had an adequate remedy at law by means of an ejectment action. 138 U.S. at 150-51, 11 S. Ct. at 276-77. In reaching that conclusion, the Court held that recovery of real property is a legal remedy, and so long as the plaintiff has an adequate legal remedy an equitable action will not lie:

7

> [W]here an action is simply for the recovery and possession of specific, real, or personal property, ... the action is one at law. An action for the recovery of real property, including damages for withholding it, has always been of that class. The right which in this case the plaintiff wishes to assert is his title to certain real property; the remedy which he wishes to obtain is its possession and enjoyment; and in a contest over the title both parties have a constitutional right to call for a jury.

Id. at 151, 11 S. Ct. at 277.

Although Whitehead was not a fraudulent conveyance case, a later Supreme Court decision–also cited in Granfinanciera to question Graham[3]–indicates the nature of the remedy does not change based on the cause of action. Pernell v. Southall Realty, 416 U.S. 363, 94 S. Ct. 1723 (1974). In Pernell, a landlord sought to recover possession of a rental property from a delinquent tenant. Id. at 364, 94 S. Ct. at 1724. The Court reiterated its prior holding in Whitehead that "actions to recover land, like actions for damages to a person or property, are actions at law triable to a jury." Id. at 370, 94 S. Ct. at 1727. The Court then rejected the landlord's effort to distinguish Whitehead because the plaintiff in Whitehead sought title to the property, while the landlord in Pernell merely sought possession. Id. at 370-71, 94 S. Ct. at 1727. According to the Court,

> [t]he distinction between title to and possession of property, of course, was well recognized at common law. But however relevant it was for certain purposes, it had no bearing on the right to a jury trial. The various forms of action which the common law developed for the recovery of possession of real property were also actions at law in which trial by jury was afforded.

Id. (internal citations omitted).

Arguably, Whitehead and Pernell can be distinguished from fraudulent transfer cases

---

[3] 492 U.S. at 46 n.5, 109 S. Ct. at 2792 n.5.

8

because both seek to recover possession of real property as opposed to avoiding a transfer of title to real property. However, even if this Court were persuaded by such an argument, close scrutiny of the issue in this case supports a finding that it is legal in nature.

Seventh Amendment Supreme Court precedent in nonbankruptcy cases suggests modern changes to the law can affect the availability of legal remedies and, consequently, the right to a jury trial. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S. Ct. 948 (1959); Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S. Ct. 894 (1962). In addition, at least one Supreme Court case supports the proposition that when the plaintiff is bringing a claim on behalf of other parties, the court must determine the right to a jury trial based on whether the real party in interest is entitled to a legal remedy. Ross v. Bernhard, 396 U.S. 531, 90 S. Ct. 733 (1970).

In Beacon Theatres, legal and equitable claims that would have been heard separately prior to promulgation of the Federal Civil Rules of Procedure were joined in one action (a complaint for declaratory judgment and injunction and a counter-claim for treble damages under anti-trust law). The district and circuit courts denied a jury trial on the ground that the equitable issues could be decided first and would bind the parties as to the legal issues. 359 U.S. at 504-05, 79 S. Ct. at 952-54. The Supreme Court rejected such a procedure, stating the right to a jury trial "'cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency.' ... [O]nly under the most imperative circumstances ... can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Id. at 510-11, 79 S. Ct. at 957 (quoting Scott v. Neely, 140 U.S. 106, 109-110, 11 S. Ct. 712, 714 (1891)). In reaching its decision that the defendant was entitled to a jury trial,

9

the Court focused on how the Federal Rules had changed the legal landscape, noting that because "in the federal courts equity has always acted only when legal remedies were inadequate, <u>the expansion of adequate legal remedies ... necessarily affects the scope of equity</u>." 359 U.S. at 509, 79 S. Ct. at 956 (emphasis added) (footnote omitted).

In <u>Dairy Queen</u>, the parties entered into a contract under which the defendant agreed to pay the plaintiff $150,000 for the right to operate his business as a Dairy Queen. When the defendant defaulted on his payments but continued his business operations, the plaintiff sued for trademark infringement, seeking an injunction and an accounting of the amount owed under the contract. The plaintiff argued it sought only equitable relief. 369 U.S. at 473-75, 82 S. Ct. at 897-98. The Court disagreed. <u>Id.</u> at 478, 82 S. Ct. at 900. Accounting was traditionally an equitable remedy because it generally required an inquiry into complex financial affairs that was beyond the ability of juries. Wright & Miller, <u>Federal Practice and Procedure</u> § 2302.1 (2008). However, under the Civil Rules of Procedure, the judge may appoint a master to assist the jury, which has the effect of transforming an what was a equitable remedy in the 18th-century English courts into an adequate legal remedy unless the plaintiff can show "the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." 369 U.S. at 478, 82 S. Ct. at 900 (quoting <u>Kirby v. Lake Shore & Mich. So. R. Co.</u>, 120 U.S. 130, 134, 7 S. Ct. 430, 432 (1887)). The Court continued, "The constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings. The necessary prerequisite to the right to maintain a suit for ... equitable remedies, is ... the absence of an adequate remedy at law." <u>Id.</u> at 477-78, 82 S. Ct. at 900. In <u>Dairy Queen</u> the plaintiff had an adequate remedy at law, and characterizing its request for an accounting as an equitable remedy

was insufficient to deprive the defendant of its right to jury trial.  Id. at 479, 82 S. Ct. at 900.

Ross involved a derivative shareholder suit.  396 U.S. at 531, 90 S. Ct. at 734.  The Court acknowledged that such suits historically sounded solely in equity because "[t]he common law refused ... to permit stockholders to call corporate managers to account in actions at law."  Id. at 534, 90 S. Ct. at 736.  Nevertheless, the Court found a right to jury trial on those issues in which the real party in interest–the corporation–would be entitled to a jury if it had been the plaintiff. Id. at 539, 90 S. Ct at 738.  "The heart of the action is the corporate claim.  If it presents a legal issue, one entitling the corporation to a jury trial under the Seventh Amendment, the right to a jury is not forfeited merely because the stockholders right to sue must first be adjudicated as an equitable issue triable to the court."  Id.

Taken together, Beacon Theatres, Dairy Queen, and Ross demonstrate a "policy favoring trial by jury of issues of fact."  Wright & Miller, Federal Practice and Procedure § 2302.1.  The principles articulated in those opinions can be applied to this case.  Here, Plaintiff is seeking two remedies.  One–avoidance–is arguably equitable based on a footnote in Granfinanciera.  The other–recovery of real property–is arguably legal based on the holdings in Whitehead and Pernell.  Under Beacon Theatres, Plaintiff cannot deprive Defendant of her right to a jury trial on the legal issue by joining it with an equitable issue, especially as both remedies are dependant upon the same claim.

Furthermore, Plaintiff is traveling under three statutes.  First, 11 U.S.C. § 544(b) authorizes a trustee to "avoid any transfer of an interest of the debtor in property ... that is voidable under applicable law by a creditor holding an unsecured claim[.]"  Thus, similar to Ross, Plaintiff is standing in the shoes of unsecured creditors who have an avoidance claim under

11

"applicable law." Second, the applicable law in this case is O.C.G.A. § 18-2-22, which provides that certain transfers "by debtors shall be fraudulent <u>in law</u> ...." O.C.G.A. § 18-2-22 (emphasis added). Based on that language, the Georgia Supreme Court held a creditor may seek damages against the transferor. <u>Kesler v. Veal</u>, 362 S.E.2d 214, 215 (Ga. 1987). In this case, however, Plaintiff is suing the transferee, who cannot be liable for damages without some proof of her "bad faith, actual fraud, or conspiracy[.]"[4] <u>Id.</u> Thus, in appropriate circumstances, the Georgia Supreme Court has interpreted the Georgia Code as authorizing a claim for damages against the recipient of a fraudulent conveyance, notwithstanding a historical limitation on remedies. Again, as in <u>Ross</u>, the real party in interest–the unsecured creditors–could seek a legal remedy. Third, Plaintiff requests relief, in part, under 11 U.S.C. § 550(a), which provides that "to the extent that a transfer is avoided under section 544 ..., the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, <u>the value of such property</u>[.]" <u>Id.</u> (emphasis added). This offers another example of a relevant statute that authorizes a legal remedy for what traditionally may have been an equitable claim. In other words, by authorizing a money judgment, the statutes at issue have effected the same results that the Civil Rules did in <u>Dairy Queen</u>: they have transformed an equitable claim into a legal claim by creating an adequate legal remedy.

Plaintiff's statutory duties as a trustee lend even more support to the conclusion that Defendant is entitled to a jury trial. Pursuant to 11 U.S.C. § 704(a)(1) he is required to "collect and to <u>reduce to money</u> the property of the estate for which [he] serves." <u>Id.</u> (emphasis added).

---

[4] Plaintiff's complaint alleges Defendant knew Debtor intended to delay and defraud creditors with the conveyance.

12

Consequently, this is not a case of reclaiming Debtor's real property for Debtor's use. In such circumstances, the only adequate remedy might be recovery of that specific property. But neither Plaintiff nor the unsecured creditors have any interest in the property apart from its monetary value. There is no question that Plaintiff will not retain the property, but will liquidate it–either by selling Debtor's interest or entering into a settlement with Defendant. Thus, any argument by Plaintiff that he is seeking solely equitable relief is illusory.

Finally, treating a fraudulent conveyance claim as equitable could harm the rights of innocent third parties. Equitable cases involving remedies such as injunctions or specific performance can be fully resolved between the parties. The same is not necessarily true for a fraudulent conveyance action. An order declaring a conveyance null and void does not simply modify the rights of the parties to the case. It brings into existence new legal complications for any entities that took a good-faith interest in the property after the initial transfer. Once the alleged fraudulent conveyance takes place, there is no notice to third parties (a subsequent transferee or creditor, for example) that the original transfer is in any way defective. Without knowledge of such a defect, they are not in a position to protect their rights in the property. The Bankruptcy Code recognizes this problem and provides some limited protection for such parties. 11 U.S.C. § 550(e).

## Conclusion

Based on the foregoing, the Court concludes Plaintiff's cause of action is legal in nature. In addition, his request to recover the real property at issue is a legal remedy, such that Defendant is entitled to a jury trial under the Seventh Amendment. Defendant's right is unaffected by the inclusion of a request for equitable relief in the complaint. Furthermore, the Court cannot find

this case arises in equity because the relevant statutes in this case provide an adequate legal remedy. Therefore, the Court will deny Plaintiff's motion to strike Defendant's demand for a jury trial.

Because a jury trial in the bankruptcy court requires consent of all parties pursuant to 28 U.S.C. § 157(e) and Federal Rule of Bankruptcy Procedure 9015(b) and because Plaintiff has resisted a jury trial entirely, the Court will refer this case to the district court at the conclusion of pretrial proceedings.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT